United States District Court

Eastern District of California

Gary Dean Heglin,

        Petitioner,                    No. Civ. S 04-0770 DFL PAN P

    vs.                                Findings and Recommendations

D.L. Runnels, Warden,

        Respondent.

-oOo-

    Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254. Respondent moves to dismiss upon the grounds the action is untimely and petitioner failed to exhaust available state remedies.

    October 18, 2002, petitioner pleaded guilty in Placer County Superior Court to possessing chemicals with intent to manufacture methamphetamine. <u>See</u> Cal. Health & Safety Code § 11383. November 8, 2002, the court sentenced him to imprisonment and January 17, 2003, amended the sentence. Petitioner did not

1  appeal or seek habeas corpus relief in state court.
2       April 19, 2004, petitioner filed a petition for a writ of
3  habeas corpus in this court.
4       A one-year limitation period for seeking federal habeas
5  relief begins to run from the latest of the date the judgment
6  became final on direct review, the date on which a state-created
7  impediment to filing is removed, the date the United States
8  Supreme Court makes a new rule retroactively applicable to cases
9  on collateral review or the date on which the factual predicate
10 of a claim could have been discovered through the exercise of due
11 diligence.  28 U.S.C. § 2244(d)(1).  With limited exceptions not
12 applicable here, a California defendant who enters a plea of
13 guilty must request the trial court to find probable cause to
14 appeal and if he does not his conviction is final 60 days after
15 the trial court enters judgment.  Cal. Pen. Code § 1237.5; Rule
16 31(d), California Rules of Court.  Petitioner's conviction became
17 final March 17, 2003.  A properly filed state post conviction
18 application tolls the statute of limitations.  28 U.S.C.
19 § 2244(d)(2).  In California, a properly filed post conviction
20 application is "pending" during the intervals between a lower
21 court's decision and filing a new petition in a higher court.
22 Carey v. Saffold, 536 U.S. 214, 223 (2002).
23      Accordingly, absent tolling petitioner had until March 16,
24 2004, to file a federal petition.  Since petitioner did not file
25 any post conviction motions, he does not benefit from statutory
26 tolling.  Petitioner makes no claim to equitable tolling.  See

1  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002)
2  (petitioner has the burden of showing he es entitled to equitable
3  tolling).
4      Petitioner's April 19, 2004, application for habeas corpus
5  relief is untimely.
6      For these reasons, respondent's September 22, 2004, motion
7  to dismiss should be granted.
8      Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
9  findings and recommendations are submitted to the United States
10 District Judge assigned to this case.  Written objections may be
11 filed within 20 days of service of these findings and
12 recommendations.  The document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendations."  The district
14 judge may accept, reject, or modify these findings and
15 recommendations in whole or in part.
16     Dated: June 7, 2005.

              /s/ Peter A. Nowinski
              PETER A. NOWINSKI
              Magistrate Judge